16-3476-cv
*Martinez v. Davis Polk & Wardwell LLP*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand seventeen.

Present:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,

_____

EUNICE MARTINEZ,

> *Plaintiff-Appellant*,

> v.                                                          16-3476-cv

DAVIS POLK & WARDWELL LLP,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:          ROOSEVELT SEYMOUR, Brooklyn, NY.

For Defendant-Appellee:          BARRY ASEN (Lauren Malanga, Barbara O'Brien Burke, *on the brief*), Epstein Becker & Green, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Eunice Martinez appeals from the final judgment of the United States District Court for the Eastern District of New York, entered on September 23, 2016, granting summary judgment to Defendant-Appellee Davis Polk & Wardwell LLP ("DPW"), on Martinez's claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* *See Martinez v. Davis Polk & Wardwell LLP*, 208 F. Supp. 3d 480 (E.D.N.Y. 2016). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Race Discrimination

Martinez sets forth two theories for her discrimination claim: (1) DPW awarded her lower salary raises because she is Hispanic; and (2) DPW failed to upgrade her non-managerial position to a managerial position because she is Hispanic. The District Court concluded that Martinez failed to establish a prima facie case under either theory. *Martinez*, 208 F. Supp. 3d at 488–89. We review the district court's grant of summary judgment *de novo* and we "may affirm on any basis that finds support in the record." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We construe all ambiguities and draw all reasonable inferences against the moving party. *Tolbert*, 790 F.3d at 434.

2

Martinez bears the initial burden of establishing a prima facie case of discrimination by showing "(1) [s]he belonged to a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). After a plaintiff has successfully established a prima facie case, "[t]he burden then shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for the adverse employment action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason 'was in fact pretext' for discrimination." *Id.* (citations omitted). At this point, the plaintiff must produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason for the discharge." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (internal quotation marks and alteration omitted).

### 1. Lower Salary Raises

We agree with the district court that Martinez failed to establish a prima facie case of "unequal pay for equal work" based on her allegations that she and other Hispanic employees received lower salary raises than non-Hispanic employees in her department. *Martinez*, 208 F. Supp. 3d at 489; *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) ("A claim for unequal pay for equal work under Title VII . . . is generally analyzed under the same standards used in an [Equal Pay Act] claim."). To prove pay discrimination, Martinez must satisfy the

3

"demanding" standard of the "equal work inquiry . . . [which] requir[es] evidence that the jobs compared are substantially equal." *EEOC v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 255 (2d Cir. 2014) (internal quotation marks and citation omitted). But here, Martinez conceded that she does not do "equal work" in comparison to any of her colleagues—in her brief she admits that she "holds a unique position and there is no point of comparison." Pl.-Appellant Br. 10. Martinez also testified during her deposition that she was not qualified to do the jobs of six of her proposed seven comparators.

Furthermore, Martinez's claim of lower salary raises for Hispanics is unsupported by the evidence in the record. Martinez points to a few years in which her non-Hispanic coworkers were awarded greater than three percent in raises, and argues that she and her Hispanic coworkers have been "systematically receiving smaller percentage annual merit raises than whites." Pl.-Appellant Br. 17. Yet Martinez neglects to address the many instances in which she and her Hispanic coworkers also received raises that exceeded three percent. The evidence shows that Martinez was not only the highest-paid non-managerial employee, her salary (when overtime wages are considered) was also higher than two managerial employees, at least in certain years. Martinez thus failed to establish a prima facie case that she has been subjected to salary discrimination based on race.

### 2. Promotional Upgrade

The district court also did not err in rejecting Martinez's discrimination claim based on the alleged failure to promote or to upgrade the positions of Hispanic employees in her department. Martinez relies only on statistically insignificant data showing that Hispanic employees have never been upgraded from non-managerial to managerial positions even though several non-Hispanic employees have been upgraded. Although we can consider statistically

4

insignificant data as relevant to Martinez's discrimination claim, "[m]ore particularized evidence relating to the individual plaintiff[] is necessary to show discriminatory treatment." *Zahorik v. Cornell Univ.*, 729 F.2d 85, 95 (2d Cir. 1984); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000) (noting "raw data" that purportedly shows "a pattern of under-representation" provides "little but an unsupported hypothesis" and "no foundation for the assertion that there was discrimination," absent additional proof). Here, Martinez failed to present any particularized evidence of discriminatory treatment based on her race. Moreover, if we assume, *arguendo*, that Martinez set forth a prima facie case, DPW has proffered legitimate, nondiscriminatory reasons for not upgrading Martinez's Managing Editor position and Martinez did not provide sufficient evidence to demonstrate that DPW's reasons were pretextual. *See Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997) ("[T]he creation of a genuine issue of fact with respect to pretext alone is not sufficient. There must also be evidence that would permit a rational factfinder to infer that the [adverse employment action] was actually motivated, in whole or in part, by discrimination . . . .").

DPW brought forward evidence that Martinez's position was not upgraded because her responsibilities were "administrative and clerical, not managerial." Def.-Appellee Br. 33. Martinez failed to present any evidence to the contrary. Martinez makes conclusory assertions that a number of white non-managerial employees were also "performing functions that can be properly described as 'administrative,' yet they were eventually upgraded to managers." Pl.-Appellant Br. 25. But such conclusory allegations are insufficient to rebut DPW's business decision to classify Martinez's Managing Editor position as non-managerial. We do not second-guess an employer's personnel decision, so long as those decisions are not based on unlawful grounds such as racial discrimination. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243

5

F.3d 93, 103 (2d Cir. 2001) ("Our role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments" (citation omitted)). Here, Martinez has presented no evidence to suggest that DPW's business judgment was based on unlawful grounds.

DPW also presented evidence that it declined to upgrade Martinez's Managing Editor position because "her job performance needed to improve, especially her project and time management skills." Def.-Appellee Br. 33. Martinez failed to present evidence permitting a rational factfinder to conclude that this reason was pretextual, and that DPW's decision not to upgrade her position was motivated, at least in part, by discrimination. DPW presented performance reviews from three different managers over the course of three years that commented on Martinez's time and project management problems within her department. Martinez also admitted in deposition testimony that she struggled with time management because "her workload had increased significantly" and so she had to "work a substantial amount of overtime hours" as a result. Pl.-Appellant Br. at 27. Absent evidence establishing that discrimination played at least a part in the decision not to upgrade Martinez's position, the district court did not err in concluding that summary judgment was appropriate.

**B. Retaliation**

We also agree with the district court's conclusion that Martinez failed to establish a prima facie case of retaliation. *Martinez*, 208 F. Supp. 3d at 489–90. "To establish a prima facie case of retaliation, [a plaintiff] must show (1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (citation omitted). Martinez failed to

establish a causal connection. She claims that after she filed her complaint with the Equal Employment Opportunity Commission ("EEOC") on August 18, 2013, DPW retaliated by (1) reducing her customary annual raise from three percent to one and one-half percent; and (2) no longer inviting her to attend certain meetings. However, the only evidence Martinez offered to prove a causal connection is "the close proximity in time" between filing her charges with the EEOC and DPW's allegedly retaliatory actions. Pl.-Appellant Br. 30.

The district court correctly observed that "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Martinez*, 208 F. Supp. 3d at 489 (quoting *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001)). Martinez began receiving performance reviews that noted her struggles with time and project management as early as August 5, 2010, three years before Martinez's filing of the EEOC charges. And Martinez admitted during her deposition that at the time she filed her EEOC charges, she anticipated a negative performance review that again criticized her time and project management problems, and she was even concerned that she might be terminated. Under these circumstances, a reasonable jury could not conclude that DPW's treatment of Martinez in the wake of her EEOC filing (including by affording her a small pay raise) was retaliatory as opposed to the culmination of "gradual adverse job actions" that began *three years prior* to the alleged retaliatory event. *Slattery*, 248 F.3d at 95 (holding that a company that "diminished [a plaintiff]'s job responsibilities a full *five months prior* to his filing of the EEOC charges" did not give rise to an inference of retaliation (emphasis in original)).

*        *        *

7

We have considered Martinez's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk